(87 Misc. Rep. 334)

### PEOPLE v. WELLNER.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

Food (§ 8*)—Oleomargarine—Use in Restaurant—Statutes—Violation.

A restaurant keeper who served oleomargarine is guilty of a violation of Agricultural Law (Consol. Laws, c. 1) § 40, requiring restaurant keepers using or serving such substance to note that fact on the bill of fare, and to place signs in the room where meals are served to notify patrons, where he did not place the signs in his restaurant, although notice was given upon the bills of fare.

[Ed. Note.—For other cases, see Food, Cent. Dig. §§ 1, 7, 8; Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Fritz Wellner was charged with a violation of the Agricultural Law, and from a judgment in his favor the People appeal. Reversed, and new trial directed.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

James A. Parsons, of Albany, for the People.
John F. Burke, of New York City, for respondent.

PER CURIAM. This action was brought to recover a penalty incurred by reason of an alleged violation of section 40 of the Agricultural Law. That section provides, among other things, that a restaurant keeper who uses or serves any oleaginous substance as a substitute for butter shall put plainly upon the bill of fare, if there is one the words, "Oleomargarine used here," and have put up conspicuously, in different parts of each room where such meals are served, signs, in places where they can be easily seen and read, "Oleomargarine used here," in letters at least two inches in length and so printed as to be easily read by guests or boarders.

The defendant herein kept a restaurant and served meals, and upon the bill of fare were the printed words referred to in the statute; but the proof was uncontradicted that no signs, as required by that section, were posted anywhere in said restaurant. Apparently out of sympathy, the court below gave judgment in favor of the defendant. Judgments of this character cannot be upheld. That the enforcement of the law may sometimes, or even often, work hardship, is no reason why the courts should condone its plain violation. We must enforce the law

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as enacted by the Legislature. The purpose of the law under discussion is obvious, and its provisions should be fully complied with; otherwise a penalty attaches.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

